```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MICHIGAN
                      SOUTHERN DIVISION


CHERYL WILLIAMS et al.,

                    Plaintiffs,      CIVIL CASE NO. 01-40328

v.

DTE ENERGY COMPANY,                  HONORABLE PAUL V. GADOLA
                                     U.S. DISTRICT JUDGE
                    Defendant.
_____/
```

**ORDER OF DISMISSAL**

Before the Court is a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), filed by Defendant DTE Energy Company on March 18, 2004. For the reasons stated below, the Court will grant the motion.

**I.   BACKGROUND**

Plaintiffs Cheryl Williams and Ellice Johnson are former employees of Defendant DTE Energy Company, who retired from employment with Defendant, and began participating in the retiree health benefits plan offered by Defendant ("the Plan"). In the Plan, retired employees paid a certain percentage of the cost for health care, depending on the retired employee's age. Retired employees younger than 55 years of age paid 30% or 15% of the cost for health care, whereas those employees aged 55 years of age or older did not pay any cost. Plaintiffs were younger than 55 years of age, and were thus required to pay a percentage of the cost of

the health coverage.  Upon discovering this fact, Plaintiffs originally filed suit in Wayne County Circuit Court, alleging that they were suffering "reverse discrimination," as Defendant was improperly favoring older employees over younger employees in violation of Michigan's Elliot-Larsen Civil Rights Act, M.C.L. § 37.2101 et seq. ("ELCRA").

On November 27, 2001, Defendant removed the case to federal court on the basis that the suit was a federal question, falling under the Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA").  On May 2, 2002, this Court denied Plaintiffs' motion to remand the case to state court.  This Court then granted Defendant's motion to stay the case and to compel arbitration.  Seeking alternative means to resolve the dispute, Plaintiffs first filed charges with the Equal Employment Opportunity Commission.  When the charges were dismissed, Plaintiffs then requested arbitration.  With the case apparently being resolved through arbitration, this Court dismissed the case without prejudice on June 27, 2003.

On July 14, 2003, Defendant moved for the Court to vacate the case dismissal, while administratively closing the case pending arbitration, which the Court granted on November 10, 2003. During this time, the United States Supreme Court considered a case on appeal from the 6th Circuit, General Dynamics Land Systems, Inc. v. Cline, 540 U.S. 581 (2004), involving a circuit split in the

2

interpretation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., regarding "reverse discrimination." The Supreme Court issued its decision on February 24, 2004. Relying on this recent decision, Defendant filed a motion to dismiss on March 18, 2004.

**II.  LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. See Minger v. Green, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted). In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

**III. ANALYSIS**

ERISA has broad provisions that preempt much of state law. ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "The term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State."  29 U.S.C. § 1144(c).  "A law 'relates to' an

3

employee benefit plan . . . if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983).

It is clear that the Plan established by Defendant is an employee benefit plan covered by ERISA. Plaintiffs' sole claim is based on state law, Michigan's ELCRA. Although ELCRA does not expressly refer to an employee benefit plan, Plaintiffs seek to apply ELCRA to their ERISA-covered employee benefits plan in order to recover benefits. In the instant case, therefore, the state ELCRA "relates to" an ERISA-covered plan, and is thus preempted by ERISA. In a similar manner, this same Court found in an earlier case that ERISA preempted an age discrimination claim based on ELCRA. See Warren v. Oil, Chemical, and Atomic Workers, Union-Industry Pension Fund, 729 F.Supp. 563 (E.D. Mich. 1989) (Gadola, J.).

Any federal claim of age discrimination that Plaintiffs' might have would fall under the ADEA. In General Dynamics, however, the Supreme Court recently held that the ADEA "does not mean to stop an employer from favoring an older employee over a younger one." Gen. Dynamics, 540 U.S. at 601. In fact, Plaintiffs agree with this conclusion, conceding that based on General Dynamics, there is no "reverse discrimination" claim under the ADEA. See Plaintiffs' Supplemental Brief in Reponse to Defendant's Motion to Dismiss (Aug. 5, 2004). Therefore, Plaintiffs admit they have no possible

federal age discrimination claim.

Consequently, since Plaintiffs' state claim is preempted by ERISA and since there is no possible federal age discrimination claim, this Court determines that Plaintiffs have failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to dismiss [docket entry 21] is **GRANTED**.  **IT IS FURTHER ORDERED** that this case, No. 01-40328, is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**


Dated:   August 30, 2005          s/Paul V. Gadola
                                  HONORABLE PAUL V. GADOLA
                                  UNITED STATES DISTRICT JUDGE


---

Certificate of Service

I hereby certify that on   August 30, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Michael A. Alaimo; Elisa M. Angeli; Cary S. McGehee; Michael L. Pitt; Peter W. Waldmier, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:    Therese A. Alfafara
 .

                                  s/Ruth A. Brissaud
                                  Ruth A. Brissaud, Case Manager
                                  (810) 341-7845